IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENTES WEST, #K-82893, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 16-cv-00986-SMY |
| UNKNOWN PARTIES, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kentes West filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against thirty-one defendants who allegedly violated his constitutional rights at Menard Correctional Center ("Menard") in 2015 and 2016. *See West v. Butler, et al.*, No. 16-cv-414-SMY (S.D. Ill. 2016) ("original case"). In the Complaint (Doc. 2, instant case), Plaintiff asserted unrelated claims against different defendants. The Court severed the original case into eight additional matters pursuant to a Memorandum and Order entered August 29, 2016 (Doc. 1, instant case). The instant case addresses a single access-to-courts claim ("Count 13," original case) against unidentified parties ("Unknown Defendants"). Specifically, Plaintiff alleges that the Unknown Defendants interfered with his right to access the courts by refusing to provide him with documents that he needed during two court appearances on July 9, 2015 and August 5, 2015 (Doc. 2, p. 25). In connection with this claim, Plaintiff seeks monetary relief.

## Merits Review Under 28 U.S.C. § 1915A

This matter is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to filter out nonmeritorious claims. 28 U.S.C.

§ 1915A(a). The Court must also dismiss any newly-severed claim that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The allegations offered in support of Plaintiff's access-to-courts claim are set forth in a single paragraph of his Complaint, as follows:

> Plaintiff has had his legal material kept from him for 19 days where he had to go to court without any of his legal material leaving him at a disadvantage for a pavey hearing. He had returned to the facility July 1, 201[5]. Had to go to court July 9, 2015. Didn't get property until July 19, 2015. Also, when Plaintiff went to

> court on court writ on August 5, 2015. Menard intentionally didn't send Plaintiff's legal material with him. Plaintiff had to get his Judge to call the institution to get legal work. (Doc. 2, p. 25).

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to 42 U.S.C. § 1983. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds*, 430 U.S. at 828). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603.

To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633

(7th Cir. 2007).  Here, the allegations in the Complaint do not satisfy the first or second requirement.

With regard to the first requirement, Plaintiff did not allege that he asked anyone for access to particular documents before going to court.  He simply alleged that his materials were kept from him, and he did not have the paperwork he needed at court (Doc. 2, p. 25).  Section 1983 creates a cause of action based on personal liability and predicated upon fault.  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  To be liable, "an individual defendant must have caused or participated in a constitutional deprivation."  *Id*.  In other words, the doctrine of *respondeat superior*, or supervisory liability, does not apply.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  Therefore, it is necessary to identify a particular defendant (even in generic terms) who was personally involved in the deprivation.  Thus, Plaintiff should indicate what materials he requested, to whom he directed the request and what response he received.

With regard to the second requirement, Plaintiff did not indicate what claim, if any, was lost as a result of the Unknown Defendants' interference with his legal documents in July and August 2015.  He merely alleges that he faced a "disadvantage" at his *Pavey* hearing.  This allegation is insufficient to support an access-to-courts claim, even at this early stage.  Accordingly, Count 13 shall be dismissed.

However, the dismissal of this claim is without prejudice, and Plaintiff shall be granted leave to file an Amended Complaint if he chooses to pursue this claim.  Plaintiff is warned that his access-to-courts claim will not proceed unless he can demonstrate that he suffered actual

substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603. If he chooses to file an Amended Complaint, Plaintiff must follow the instructions and deadline for doing so below.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 13**, the only claim at issue in this severed case, is **DISMISSED** without prejudice against Defendant **UNKNOWN PARTY(IES)** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint in this case **on or before November 8, 2016**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an Amended Complaint in this District, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 16-986-SMY) on the first page.

Plaintiff shall specify *by name* (even if only in generic terms) each defendant alleged to be liable for denying him access to his legal materials and the courts, as well as the actions taken by each defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his Amended Complaint. Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to

comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An Amended Complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 11, 2016**

s/ STACI M. YANDLE<br>United States District Judge